(No. 75-CV-173—

BRUCE C. LEVINE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Amended opinion filed May 7, 1975.*

PER CURIAM.

This claim comes for rehearing upon the motion of the claimant pursuant to §9 of the "Illinois Crime Vic-

tims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70 §79* (hereafter referred to as *"The Act"*), under which a claim was made by the claimant and denied by this Court.

In that opinion, compensation for loss of earnings for the time of claimant's disability as a result of his injury was denied pursuant to the standards set down by the General Assembly in §4 of the Act. In that section, the Act states that, "Loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less." The claimant being a student immediately prior to the injury had worked only two weeks during the six-month period. The court determined that this two weeks earnings was insufficient to project a loss of earnings for the time of the claimant's disability.

However, re-evaluation of the legislative intent of this section, as interpreted by the Court, will permit loss of earnings for such employment when established by competent evidence. Upon investigation by the Attorney General, such competent evidence of lost earnings has been established by the claimant.

Accordingly, this Court hereby supplements and amends the order previously filed in this claim with this modified opinion.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, the original order made by this Court denying this claim; and a report of the Attorney General of the State of Illinois, which substantiates matters set forth in the application and petition. Based upon these documents and other evidence submitted before the Court, the Court finds:

1.   That the claimant, Bruce C. Levine, age 25, was a victim of a violent crime, as defined in §2 (c) of the Act, to wit:

"Aggravated Assault." (Ill. Rev. Stat., 1973, Ch. 38, §12-2).

2.   That on June 23, 1974, the claimant was returning to his apartment after an errand. Upon reaching the second flight of the stairwell on his way to the third floor, he was confronted by his neighbor waving a hunting knife and threatening to kill him. The claimant, while trying to escape, fell down the stairs and broke his ankle. The claimant was taken to the Bethany Methodist Hospital, Chicago, and then to Billings Hospital, Chicago, where he received subsequent surgery and treatment. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3.   That statements, taken by the police investigators after the crime was committed, present no substantial evidence of any provocation by the claimant for the attack upon him.

4.   That the Chicago Police Department was contacted promptly. The claimant cooperated fully in the subsequent investigation and prosecution that led to the conviction of Daryl Griffin of Aggravated Assault on October 15, 1974, in Cook County under indictment #G-1190 515.

5.   That there is no evidence that the victim and his assailants were related or sharing the same household.

6.   That the victim's average monthly earnings for the period immediately preceding the injury were

$640.00. Claimant was unable to work from July 1, 1974, to September 30, 1974, a period of three months. Claimant's loss of earnings for this period can be calculated to be $1,920.

7. That pursuant to §7 (d) of the Act, this Court must deduct $200.00 from the pecuniary loss to determine the basic compensable loss.

$$\begin{array}{r} \$1,920.00 \\ -\ 200.00 \\ \hline \$1,720.00 \end{array}$$

8. That when compensating loss of earnings the Court may only compensate up to $500.00 per month, pursuant to §4 of the Act. Claimant's maximum allowable compensation for lost earnings for the period of his disability is $1,500.00.

9. That the claimant incurred medical and hospital expenses, but these expenses were paid completely by insurance benefits and are therefore not claimed.

IT IS HEREBY ORDERED that the sum of $1,500.00 be awarded to the claimant, as the innocent victim of a violent crime.